IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RUSSEL NEIL GATCH,<br>No. 12597-078<br><br>         Petitioner,<br><br>vs.<br><br>JEFFREY S. WALTON,<br><br>         Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 14-cv-01076-DRH |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Russel Neil Gatch is currently incarcerated in the United States Penitentiary at Marion, Illinois. Proceeding *pro se*, Gatch has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the enhancement of his sentence under United States Sentencing Guidelines ("U.S.S.G.") Section 4B1.5(a) for being a repeat and dangerous sex offender.

This matter is now before the Court for preliminary review of the habeas petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the

rules to other habeas corpus cases, such as this action brought pursuant to Section 2241.

## Procedural History

In 2007, in the United States District Court for the Eastern District of Texas, Gatch pleaded guilty to Attempted Enticement of a Person Under the Age of 18 to Engage in Criminal Sexual Activity, in violation of 18 U.S.C. § 2422(b).  *See United States v. Gatch*, Case No. 06-cr-167 (E.D. Tex. 2007).  He was sentenced to a term of 240 months imprisonment.  Gatch's sentence was enhanced under U.S.S.G Section 4B1.5(a) for being a repeat and dangerous sex offender, based on prior convictions under Louisiana law for oral sexual battery (La.R.S. 14:43.3(A)) and aggravated oral sexual battery (La.R.S. 14:27(A), 14:43.4(A)(4)).  No direct appeal was taken.

A subsequent motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 was filed, arguing that Gatch was denied effective assistance of counsel relative to, among other things, the decision to enter a guilty plea and the calculation of his criminal history (a U.S.S.G. 4B1.5 factor).  The Section 2255 motion was denied as untimely.  *See Gatch v. United States*, Case No. 09-cv-770, 2012 WL 1867035 (E.D.Tex. 2012).  No appeal was taken.

In March 2014, Gatch filed a Section 2241 petition for writ of habeas corpus challenging his conviction and whether his admitted conduct had actually violated 18 U.S.C. § 2422(b).  *See Gatch v. Walton*, Case No. 13-cv-247-DRH (S.D. Ill. Apr. 9, 2013).  The petition was dismissed because Gatch had failed to show a

structural defect in Section 2255 that rendered it an in adequate remedy, and he had failed to show he was actually innocent under the correct understanding of the statute of conviction. No appeal was taken.

## The Habeas Petition

Gatch's present Section 2241 petition rests upon the United States Supreme Court's decision in *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (June 20, 2013), which was published after his Section 2255 motion and first Section 2241 petition were decided.

In *Descamps* the Supreme Court held that sentencing courts may not apply a "modified categorical approach" and consider additional documents to determine if a conviction is a "violent felony" under the Armed Career Criminal Act (18 U.S.C. § 924(e)) when the crime of conviction has a "single, indivisible set of elements." *Descamps,* 133 S.Ct. at 2281–82; *see also United States v. McDonald,* 592 F.3d 808, 810 (7th Cir. 2010) (explaining that the modified categorical approach is permitted when a statute creates more than one crime or modes of commission, not all of which qualify as a predicate offense under the Armed Career Criminal Act and the court must determine which crime formed the basis of the defendant's conviction). Petitioner Gatch attempts to apply the same analytical scheme to U.S.S.G. Section 4B1.5.

Petitioner asserts that he may bring this claim under the "savings clause" of 28 U.S.C. § 2255(e) because *Descamps* establishes that he is actually innocent of this non-qualifying enhancement.

## Discussion

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief.  Section 2255 applies to challenges to the validity of convictions and sentences, whereas Section 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000).  *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to Section 2255 in the court that sentenced him. Indeed, a Section 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

Under very limited circumstances, however, a prisoner may employ Section 2241 to challenge his federal conviction or sentence.  Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.' ") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).  *See also United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002).

The fact that petitioner may be barred from bringing a second/successive Section 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport*, 147 F.3d 605, 609–10 (7th Cir. 1998) (Section 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion). Instead, a petitioner under Section 2241 must demonstrate the inability of a Section 2255 motion to cure the defect in the conviction.

The Seventh Circuit has explained that, following *Davenport*, in order to fit within the savings clause a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Second, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion, and that case must apply retroactively. Third, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Light v. Caraway*, 761 F.3d 809, 813 (7th Cir. 2014) (elaborating on the "could not have been invoked" aspect of the *Davenport* criteria). With these conditions in mind, the Court turns its attention to *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (June 20, 2013), the case cited by petitioner as grounds for this Section 2241 petition.

*Descamps* is a new statutory interpretation case, but it does not represent a change in the law that has any relevance to petitioner's circumstances. *Descamps*

pertains to an enhancement under the Armed Career Criminal Act (18 U.S.C. § 924(e)) and the corresponding enhancement provision in U.S.S.G. Section 4B1.4, *not* 4B1.5 relative to being a repeat and dangerous sex offender. *See Light*, 761 F.3d at 811; U.S.S.G. § 4B1.4, Commentary. Furthermore, *Descamps* reiterated the "categorical approach" analysis outlined in *Taylor v. United States*, 495 U.S. 575 (1990), which has been the rule since well before petitioner's conviction and sentencing. Moreover, "[t]o date, the Supreme Court has not made *Descamps* retroactive on collateral review." *Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014). For these reasons, Gatch has failed to show that the savings clause is applicable.

**IT IS THEREFORE ORDERED** that, for the reasons stated, petitioner Russel Neil Gatch's Section 2241 petition (Doc. 1) is **DISMISSED with prejudice**. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed as a pauper, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008);

*Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30–day appeal deadline.   It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his Section 2241 petition.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**Signed this 7th day of November, 2014.**

Digitally signed by David R. Herndon
Date: 2014.11.07 16:31:22 -06'00'

**United States District Judge**