IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RUSSEL NEIL GATCH, )
No. 12597-078 )
 )
       Petitioner, )
 )
vs. )   Case No. 14-cv-01076-DRH
 )
JEFFREY S. WALTON, )
 )
       Respondent. )

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Russel Neil Gatch is currently incarcerated in the United States Penitentiary at Marion, Illinois. Proceeding *pro se*, Gatch filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the enhancement of his sentence under United States Sentencing Guidelines ("U.S.S.G.") Section 4B1.5(a) for being a repeat and dangerous sex offender.

In accordance with Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts, the petition was dismissed upon preliminary review and final judgment was entered (Docs. 3, 4). Gatch is now before the Court pursuant to Federal Rule of Civil Procedure 59(e), seeking to alter or amend the judgment (Doc. 5). Out of an abundance of caution, for the reasons that follow the motion is **GRANTED** and the order of dismissal and corresponding judgment shall be **VACATED**.

## **Procedural History**

In 2007, in the United States District Court for the Eastern District of Texas, Gatch pleaded guilty to Attempted Enticement of a Person Under the Age of 18 to Engage in Criminal Sexual Activity, in violation of 18 U.S.C. § 2422(b).  *See United States v. Gatch*, Case No. 06-cr-167 (E.D. Tex. 2007).  He was sentenced to a term of 240 months imprisonment.  Gatch's sentence was enhanced under U.S.S.G Section 4B1.5(a) for being a repeat and dangerous sex offender, based on prior convictions under Louisiana law for oral sexual battery (La.R.S. 14:43.3(A)) and aggravated oral sexual battery (La.R.S. 14:27(A), 14:43.4(A)(4)).  No direct appeal was taken.

A subsequent motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 was filed, arguing that Gatch was denied effective assistance of counsel relative to, among other things, the decision to enter a guilty plea and the calculation of his criminal history (a U.S.S.G. 4B1.5 factor).  The Section 2255 motion was denied as untimely.  *See Gatch v. United States*, Case No. 09-cv-770, 2012 WL 1867035 (E.D.Tex. 2012).  No appeal was taken.

In March 2014, Gatch filed a Section 2241 petition for writ of habeas corpus challenging his conviction and whether his admitted conduct had actually violated 18 U.S.C. § 2422(b).  *See Gatch v. Walton*, Case No. 13-cv-247-DRH (S.D. Ill. Apr. 9, 2013).  The petition was dismissed because Gatch had failed to show a structural defect in Section 2255 that rendered it an in adequate remedy, and he

had failed to show he was actually innocent under the correct understanding of the statute of conviction. No appeal was taken.

## The Habeas Petition

Gatch's present Section 2241 petition rests upon the United States Supreme Court's decision in *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (June 20, 2013), which was published after his Section 2255 motion and first Section 2241 petition were decided. He also names and relies upon, but does not cite to, *Shepard v. United States*, 544 U.S. 13 (2005), which was decided before he was convicted, and upon which *Descamps* was based.

In *Descamps* the Supreme Court held that sentencing courts may not apply a "modified categorical approach" and consider additional documents to determine if a conviction is a "violent felony" under the Armed Career Criminal Act (18 U.S.C. § 924(e)) when the crime of conviction has a "single, indivisible set of elements." *Descamps,* 133 S.Ct. at 2281–82; *see also United States v. McDonald,* 592 F.3d 808, 810 (7th Cir. 2010) (explaining that the modified categorical approach is permitted when a statute creates more than one crime or modes of commission, not all of which qualify as a predicate offense under the Armed Career Criminal Act and the court must determine which crime formed the basis of the defendant's conviction). According to *Shepard*, the sentencing court "is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit

factual finding by the trial judge to which the defendant assented." *Shepard*, 544 U.S. at 16.

Petitioner asserts that he may bring this claim under the "savings clause" of 28 U.S.C. § 2255(e) because *Descamps* establishes that he is actually innocent of this non-qualifying enhancement. He further argues that a miscarriage of justice has occurred, warranting use of the savings clause. *See In re Davenport,* 147 F.3d 605 (7th Cir.1998); *Webster v. Daniels*, No. 14-1049, 2015 WL 1951921, at *12 (7th Cir. May 1, 2015). More specifically, he contends the record in his case does not make clear which aspect of the divisible statutes his sentenced was premised upon (*see* La.R.S. (1996) 14:43.3(A); 14:43.4(A)(4)). He further asserts that no *Shepard*-qualifying documents were used to determine his sentence.

## Discussion

Federal Rule of Civil Procedure 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or presents newly discovered evidence that was not previously available. *See Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007).

In dismissing the petition, the Court stated that, although it is a new statutory interpretation case, *Descamps* does not represent a change in the law that has any relevance to Gatch's circumstances, in that *Descamps* specifically pertained to U.S.S.G. Section 4B1.4, *not* 4B1.5. Gatch is correct, that was an overstatement. *See*, e.g., *United States v. Sebolt*, 554 Fed. Appx. 200, 207 (4th Cir. 2014) (applying *Descamps* to U.S.S.G. § 4B1.5). Nevertheless, the Court's

principal rationale for dismissing the petition remains sound: *Descamps* is not a retroactive decision. *Descamps* reiterated the "categorical approach" analysis outlined in *Taylor v. United States*, 495 U.S. 575 (1990), which has been the rule since well before petitioner's conviction and sentencing. Moreover, "[t]o date, the Supreme Court has not made *Descamps* retroactive on collateral review." *Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014). With that said, a response to the petition will allow for a full vetting of the issues, in particular, which aspect of Section 924(e)(2) was relied upon, and whether *all* of the aspects of the statutes at issue qualify as predicate offenses under Section 924(e). *See McDonald,* 592 F.3d at 810.[1]

**IT IS THEREFORE ORDERED** that, for the reasons stated, petitioner Russel Neil Gatch's Rule 59(e) motion (Doc. 5) is **GRANTED**. Accordingly, the Order of Dismissal (Doc. 3) and Judgment (Doc. 4) are hereby **VACATED**. The Clerk of Court is **DIRECTED** to reopen this action. Transmission of this Order renders Gatch's motion for copies (Doc. 7) **MOOT**.

**IT IS HEREBY ORDERED** that Respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the State from making

---

[1] There is a suggestion in the record that the terms of Gatch's plea agreement may waive his right to bring this action, but that is an affirmative defense that is not properly before the Court.

whatever waiver, exhaustion or timeliness it may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Signed this 26th day of May, 2015.**

Digitally signed by
David R. Herndon
Date: 2015.05.26
09:46:34 -05'00'

**United States District Judge**