IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RUSSEL NEIL GATCH,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No.  14-cv-1076-DRH-CJP |
| | ) |
| **EDDIE MEJIA,** | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

Petitioner Russel Neil Gatch filed a petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 1) challenging the enhancement of his sentence as a Repeat and Dangerous Sex Offender Against Minors pursuant to U.S.S.G. § 4B1.5(a).  He purports to rely on *Descamps v. United States*, 133 S. Ct. 2276 (2013).  Now before the Court is Respondent's Motion to Dismiss, Doc. 19.  Petitioner responded to the motion at Doc. 28.

**Relevant Facts and Procedural History**

Petitioner pleaded guilty to one count of Attempted Enticement of a Person Under the Age of 18 to Engage in Criminal Sexual Activity, in violation of 18 U.S.C. §2422(b), in the Eastern District of Texas.  *United States v. Gatch,* Case No. 06-cr-00167-TH ("criminal case").  The parties entered into a written plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C).  The agreement recited that the possible sentencing range was from 10 years to life imprisonment.  Petitioner and the government stipulated that U.S.S.G. §4B1.5(a)

1

applied, as well as a reduction of two levels for acceptance of responsibility. The parties agreed to recommend a sentence of 240 months. A sealed copy of the plea agreement is filed in this habeas case at Doc. 20, Ex. 1.

The plea agreement also contained a waiver of the right to appeal or file a collateral attack:

> 9. WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE: Except as provided herein, Defendant expressly waives the right to appeal his conviction and sentence on all grounds. Defendant further agrees not to contest the sentence in any post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255. Defendant, however, reserves the right to appeal the following: (a) the failure of the Court, after accepting this agreement, to impose a sentence in accordance with the terms of this agreement, and (b) a claim of ineffective assistance of counsel that affects the validity of the waiver itself.

Doc. 20, Ex. 1, pp. 3-4.

On December 20, 2007, the Court accepted the plea and sentenced petitioner to 240 months imprisonment. Criminal case, Doc. 51.

Gatch did not file a direct appeal. In August 2009, he filed a motion in the Eastern District of Texas seeking leave to file a late motion under 28 U.S.C. §2255. *Gatch v. United States*, Case No. 09-cv-770-TH-KFG("§2255 case"). He wanted to raise several claims of ineffective assistance of counsel, including that counsel miscalculated his criminal history and coerced him into pleading guilty. He did not explicitly raise a claim concerning the application of U.S.S.G. §4B1.5(a) . §2255 case, Doc. 1, Ex. 2. The district court construed this filing as a motion under §2255. The motion was dismissed because it had not been filed within the one-year period set by §2255(f). *Gatch v. United States*, 2012 WL

1867035 (E.D. Tex. May 21, 2012).

## Grounds for Habeas Relief

Citing *Descamps v. United States*, 133 S. Ct. 2276 (2013), petitioner argues that the sentencing court improperly relied on facts set forth in the Presentence Investigation Report rather than consulting "*Shepard* approved documents" to determine that his prior convictions for Louisiana oral sexual battery and/or Louisiana attempted aggravated oral sexual battery qualified as a prior sex offense conviction for purposes of U.S.S.G. §4B1.5(a).

## Motion to Dismiss

Respondent argues that the petition for habeas relief should be dismissed because (1) petitioner's claim does not meet the *Davenport* requirements, and (2) this collateral attack is barred by the waiver in the plea agreement.

## Applicable Legal Standards

Generally, petitions for writ of habeas corpus under 28 U.S.C. §2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. See, *Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998).

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to 28 U.S.C. §2255 in the court which sentenced him. A §2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

A prisoner is generally limited to only *one* challenge of his conviction and

3

sentence under §2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h).

It is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under §2241. 28 U.S.C. §2255(e) contains a "savings clause" which authorizes a federal prisoner to file a §2241 petition where the remedy under §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). See, *United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir.2002). "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport,* 147 F. 3d 605, 611 (7th Cir 1998)(emphasis in original).

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first §2255 motion *and* that case must apply

retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). See also, *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

## Analysis

Gatch's petition must be dismissed for multiple reasons.

First, the petition is barred by the waiver provision of his plea agreement.

Appeal waivers are enforceable where the guilty plea is knowing and voluntary. "The appeal waiver stands or falls with the plea agreement." *Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016), citing *United States v. Behrman*, 235 F.3d 1049, 1051 (7th Cir. 2000). A waiver of the right to bring a collateral attack on a conviction or sentence bars a §2241 petition; the waiver does not make the remedy afforded by §2255 inadequate or ineffective. *Muse v. Daniels*, ___ Fed. Appx. ___, 2016 WL 731859, at *1 (7th Cir. Feb. 24, 2016)(reissued as an opinion on March 4, 2016). Further, a subsequent change in the law does not render an appeal waiver involuntary. *United States v. Vela*, 740 F.3d 1150, 1151 (7th Cir. 2014).

Petitioner does not argue here that the waiver was invalid. Such a claim could not be brought in a §2241 petition in any event because it could have been raised in a timely-filed §2255 motion. Rather, he argues that his enhanced sentence constitutes cruel and unusual punishment because his sentence is "without authorization from Congress." See, Doc. 28, p. 4. That is incorrect. His

5

sentence is within the range of penalties authorized by Congress. See, 18 U.S.C. §§ 2422(a) & 2426(a). Further, there is no general "constitutional-argument exception" to waivers in plea agreements. *United States v. Behrman*, 235 F.3d 1049, 1051 (7th Cir. 2000).

Secondly, petitioner cannot bring a §2241 petition because his claim does not fit within the savings clause. He pleaded guilty and was sentenced in 2007, *after* the Sentencing Guidelines were declared to be merely advisory in *United States v. Booker*, 125 S. Ct. 738 (2005). An error in applying the Guidelines after *Booker* is not a miscarriage of justice serious enough to permit relief in a postconviction proceeding. *Hawkins v. United States*, 706 F.3d 820, 824 (7th Cir. 2013), opinion supplemented on denial of reh'g, 724 F.3d 915 (7th Cir. 2013). *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013), and *Brown v. Rios*, 696 F3d 638 (7th Cir. 2012), cited by petitioner, are distinguishable because the petitioners there were sentenced pre-*Booker*. Petitioner's claim therefore does not fit within the third of the *Davenport* conditions. And, the fact that his §2255 motion was dismissed as untimely does not make the remedy afforded by §2255 inadequate or ineffective. *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007).

In addition, notwithstanding his citation to *Descamps, supra,* his claim does not rely on a new rule of statutory construction.

§4B1.5(a) provides for an enhanced sentence where "the defendant's instant offense of conviction is a covered sex crime, § 4B1.1 (Career Offender) does not apply, and the defendant committed the instant offense of conviction subsequent

6

to sustaining at least one sex offense conviction." Application Note 3(A)(ii) to §4B1.5(a) states that a sex offense conviction "(I) means any offense described in 18 U.S.C. 2426(b)(1)(A) or (B), if the offense was perpetrated against a minor; and (II) does not include trafficking in, receipt of, or possession of, child pornography."

According to petitioner, the Louisiana oral sexual battery statute that he violated defined oral sexual battery as certain sexual acts committed against a person who is not the offender's spouse "when the offender either compels the other person to submit . . . . or when the other person has not yet attained the age of fifteen and is at least three years younger than the offender." See, Doc. 1, p. 7.

He argues that the Louisiana oral sexual battery statute is a divisible statute and the sentencing court should have consulted *Shepard*-approved documents to determine whether his conviction qualified as a prior sex offense conviction as required for enhancement under U.S.S.G. §4B1.5(a). According to petitioner, this argument arises out of new rule of statutory construction announced by the Supreme Court in *Descamps*.

"[A] case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government. To put it differently, a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 109 S. Ct. 1060, 1070 (1989) (citations omitted).

*Descamps* is a new statutory interpretation case, but it does not represent a

7

change in the law that has any relevance to petitioner's circumstances.  Rather, the Court reaffirmed the "categorical approach" and "modified categorical approach" analysis established in *Taylor v. United States*, 110 S. Ct. 2143 (1990), and refined in *Shepard v. United States*, 125 S.Ct. 1254 (2005). *Descamps*, 133 S. Ct. at 2283-2284.  Indeed, the Supreme Court explained that "Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case." *Descamps*, 133 S. Ct. at 2283.  This is a clear indication that the decision breaks no new ground.  The holding in *Descamps* was dictated by prior Supreme Court precedents that were final long before Gatch was sentenced.

Furthermore, the holding of *Descamps* has no application to petitioner's case. *Descamps* holds that the modified categorical approach may not be applied to an indivisible statute. *Descamps*, 133 S. Ct. at 2282.  Petitioner argues, correctly, that the Louisiana oral sexual battery statute is divisible. *Taylor* and *Shepard* had already established that the modified categorical approach should be applied to a divisible statute.  The holding of *Descamps* does not apply to Gatch's situation.

In addition to all of the above, if petitioner were able to bring his claim here, he would lose on the merits because he stipulated that U.S.S.G. §4B1.5(a) applied to him.  See, Doc. 20, Ex. 1, ¶4.a.  There was no reason for the sentencing court to consult *Shepard*-approved documents (or anything else) because it was unnecessary for the court to determine whether Gatch's prior conviction qualified as a sex offense against a minor; he had already stipulated

8

that it did.

## Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss (Doc. 19) is **GRANTED**.

Russel Neal Gatch's Petition for a Writ of Habeas Corpus Under 28 U.S.C. §2241 (Doc. 1) is **DENIED**.  This action is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

Signed this 25th day of March, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.03.25 12:22:59 -05'00'

**United States District Court**

**Notice**

If petitioner wishes to appeal the denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Fed. R. Civ. P. 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).