IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RUSSEL NEIL GATCH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No.  14-cv-1076-DRH-CJP |
| | ) |
| EDDIE MEJIA, | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

### INTRODUCTION

Presently before the Court is petitioner Russel Neil Gatch's motion for reconsideration (Doc. 31) of the Court's order dismissing his case (Doc. 29). The motion was filed pursuant to Rule 59(e). For the reasons discussed herein, the motion is **DENIED.**

### BACKGROUND

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) challenging the enhancement of his sentence as a Repeat and Dangerous Sex Offender Against Minors pursuant to U.S.S.G. § 4B1.5(a).  The petition relied on *Descamps v. United States*, 133 S. Ct. 2276 (2013).  On November 10, 2014,

1

on preliminary review, the Court entered an order dismissing the petition with prejudice (Doc. 3). Thereafter, petitioner filed a motion for reconsideration (Doc. 8) ("November 2014 Motion to Reconsider"). In his November 2014 Motion to Reconsider, petitioner argued (1) The Court incorrectly concluded that *Descamps* only applies to ACCA cases; (2) the Court's conclusions were contradictory (relying on *Descamps*); (3) *Descamps* was retroactive; and (4) the Court improperly concluded petitioner failed to show the savings clause was applicable (relying on *Descamps*). On May 26, 2015, the Court granted the motion for reconsideration and issued an order reopening the case (Doc. 8).

On March 25, 2016, after the matter was fully briefed, the Court entered an order dismissing the case with prejudice (Doc. 29). Judgment was entered on March 29, 2016 (Doc. 30). The Court found the petitioner's claims must be dismissed for the following reasons: (1) the petition was barred by the waiver provision of petitioner's plea agreement; (2) the petitioner's claim did not fit within the savings clause; (3) notwithstanding petitioner's reliance on *Descamps,* his claim did not rely on a new rule of statutory construction; (4) *Descamps* did not apply to the petitioner's situation; and (5) petitioner would otherwise lose on the merits because he stipulated that U.S.S.G. § 4B1.5(a) applied to him.

On April 25, 2016, the petitioner filed the instant Motion for Reconsideration pursuant to Rule 59(e) (Doc. 31).

## **ANALYSIS**

The present motion for reconsideration purports to seek reconsideration of

2

the Court's March 25, 2016 Order of Dismissal. However, the motion is a duplicate of the November 2014 Motion to Reconsider. Petitioner has simply refiled his November 2014 Motion to Reconsider, replacing all citations to *Descamps* with citations to *Johnson v. U.S.* 135 S. Ct. 2551 (2015).[1] All claims of error are in relation to the Court's November 10, 2014 order dismissing the case on preliminary review (Doc. 3). That order has already been vacated by the Court (Doc. 8). Moreover, that order addressed petitioner's claims in relation to *Descamps*.[2] Therefore, petitioner's references to *Johnson* are nonsensical even in relation to the November 10, 2014 order dismissing the case on preliminary review.

Rule 59(e) motions serve a narrow purpose and must clearly establish either a manifest error of law or fact, or must present newly discovered evidence. *Moro v. Shell Oil Company*, 91 F.3d 872, 876 (7th Cir. 1996). The present motion to reconsider does not, in any way, address the Court's March 26, 2016 order dismissing the instant case. As the petitioner's arguments do not address the subject order of dismissal, they do not establish a manifest error of law or fact in relation to the same.[3] Accordingly, the petitioner's motion to reconsider is denied.

---

[1] As noted previously, in his November 2014 Motion to Reconsider, petitioner argued (1) The Court incorrectly concluded that *Descamps* only applies to ACCA cases; (2) the Court's conclusions were contradictory (relying on *Descamps*); (3) *Descamps* was retroactive; and (4) the Court improperly concluded petitioner failed to show the savings clause was applicable (relying on *Descamps*). The present motion to reconsider argues (1) The Court incorrectly concluded that *Johnson* only applies to ACCA cases; (2) the Court's conclusions were contradictory (relying on *Johnson*); (3) *Johnson* was retroactive; and (4) the Court improperly concluded petitioner failed to show the savings clause was applicable (relying on *Johnson*). With the exception of replacing references to *Descamps* with references to *Johnson*, the two motions are identical.

[2] There was no reason to address *Johnson* as that opinion has never been in issue in the instant case.

3 Nor does the motion assert newly discovered evidence.

3

## CONCLUSION

For the foregoing reasons, petitioner's motion for reconsideration (Doc. 31) is **DENIED.**

**IT IS SO ORDERED.**

Signed this 23rd day of June, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.06.23 16:07:10 -05'00'

**United States District Judge**